J. S83006/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                               :             PENNSYLVANIA
                          v.   :
                               :
DAVID SMITH,                     :   No. 1980 WDA 2015
                               :
               Appellant      :


Appeal from the Judgment of Sentence, November 13, 2015,
in the Court of Common Pleas of Westmoreland County
Criminal Division at No. CP-65-SA-0000230-2015


BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 21, 2016**

David Smith appeals the November 13, 2015 judgment of sentence of the Court of Common Pleas of Westmoreland County that fined him $25 plus costs for careless driving in violation of Section 3714(a) of the Vehicle Code, 75 Pa.C.S.A. § 3714(a).

On April 10, 2015 at approximately 5:20 p.m., Pennsylvania State Trooper Robert G. Karinchak ("Trooper Karinchak") was operating a marked unit traveling east on State Route 30 in Hempfield Township. Trooper Karinchak observed a backlog of about 20 or 25 vehicles. He moved into the left lane and noticed appellant operating his bicycle in the center of the right lane impeding traffic.  (Notes of testimony, 11/13/15 at 7-10.)

_____

* Retired Senior Judge assigned to the Superior Court.

As Trooper Karinchak passed, appellant:

> extended both arms up taking his hands off his handlebars and extended his middle finger on both hands as he's driving down the highway. As I passed, I observed that. And I got back into the right lane after I passed him and set myself up in order to make a traffic stop. He pulled over. I explained to him why I stopped him, and I released him to go. He left in front of me and continued down Route 30 continuing the same behavior as he was before. He did the same motion with his hands again.

*Id.* at 10. Trooper Karinchak issued a traffic citation for careless driving.[1]

(*Id.*)

Appellant was found guilty of careless driving by the magisterial district judge. He appealed to the trial court. The trial court held a **de novo** hearing on November 13, 2015. Trooper Karinchak testified regarding the events of April 10, 2015. Trooper Karinchak explained the basis for the citation:

> I filed the charge of careless driving because as he's operating on a heavily traveled highway, divided highway one of the busiest highways in Westmoreland County at a busy time when there's [sic] lots of people on the highway, he removed his hands from the handle bars, which is his mechanism to steer his vehicle.
>
> Also, . . . he removed his hands from the handlebars and extended them however to communicate, whatever he was attempting to communicate and at that time, he had no

---

[1] Trooper Karinchak issued a second citation for which appellant was found not guilty before the magisterial district judge. That citation is not before this court.

> mechanism to stop the vehicle nor did he have any mechanism to steer the vehicle.
>
> In my estimation, that's careless driving. He can't stop his vehicle nor can he take evasive action if there is any kind of hazard. He's endangering himself and/or other people on the highway which is a definition of careless driving.

*Id.* at 11.

Appellant testified that he could steer a bicycle without placing his hands on the handlebars by "leaning, placing pressure on the left pedal or the right pedal or by using your knees, your thighs to lean to the left or the right with the top of the bike to make it lean left or right." (***Id.*** at 22.) Appellant explained that the road ahead of him was in good condition when he pulled his hands off the bike. (***Id.*** at 23-24.) He further explained the reason for his action:

> To give the finger to Trooper Karinchak because he had been leering at me. He had been gawking at me. He had been following me over my left shoulder, and he was not driving at a normal improving speed but he was creating a hazard by his gawking at me, and I felt that I was going to be again cited for some misinterpretation that he has about where I can ride on the road.

*Id.* at 24.

The trial court found appellant guilty of careless driving "based on testimony taken and the finding of credibility of the prosecuting Pennsylvania State Police trooper." (Trial court order, 2/11/16 at 1.)

Appellant contends that the evidence was insufficient to sustain a conviction for careless driving.

> A claim challenging the sufficiency of the evidence is a question of law. ***Commonwealth v. Widmer***, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). In that case, our Supreme Court set forth the sufficiency of the evidence standard:
>
>> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. ***Commonwealth v. Karkaria***, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. ***Commonwealth v. Santana***, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Chambers***, 528 Pa. 558, 599 A.2d 630 (1991).
>
> ***Id.*** at 319, 744 A.2d at 751.

***Commonwealth v. Morgan***, 913 A.2d 906, 910 (Pa.Super. 2006).

Appellant asserts that Trooper Karinchak's testimony failed to establish that appellant committed careless driving because Trooper Karinchak did not testify that there would be a probability of an accident but only that there was a possibility of an accident if there were any hazards on the roadway.

Appellant argues that such a remote connection made by someone who is not an expert is not sufficient to convict him of careless driving. He also asserts that Trooper Karinchak violated his right to free speech under the First Amendment of the United States Constitution when he cited him for making the obscene gesture when his hands were not on the handlebars.

Section 3714(a) of the Vehicle Code, 75 Pa.C.S.A. § 3714(a), provides that "[a]ny person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense."[2] This court has defined "careless disregard" as less than willful or wanton conduct but more than ordinary negligence. **See Commonwealth v. Gezovich**, 7 A.3d 300, 301 (Pa.Super. 2010).

Here, Trooper Karinchak credibly[3] testified that appellant was riding his bicycle on a four to six-lane road, depending on the exact location, with 20 to 25 cars behind him. He further credibly testified that appellant took his hands off the handlebars so that he had no means of steering or braking until he put his hands back on the handlebars. The trial court did not find credible appellant's testimony that he could effectively steer by leaning and using his legs and feet. This court is satisfied that the trial court did not

---

[2] Appellant does not challenge that his bicycle constitutes a vehicle under Section 3714 of the Vehicle Code.

[3] Regarding issues of credibility, it is not this court's function to substitute its judgment for that of the trial court. Issues of credibility are the province of the finder-of-fact. **Commonwealth v. Zugay**, 745 A.2d 639, 645 (Pa.Super. 1990). In this case, the finder-of-fact was the trial court.

commit an error of law when it determined that appellant was guilty of careless driving.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2016

---

[4] With respect to the constitutional argument, this court finds no merit. Appellant was not cited for careless driving because he made an obscene gesture to Trooper Karinchak. Rather, he was cited because he took his hands off the handlebars so he could not steer or brake quickly. While he took his hands off the handlebars to make the gesture, the gesture was not the basis of the citation.